UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEL MARIN,

                         Plaintiff,

            -against-

CHANCELLOR, UNIVERSITY OF OXFORD, *et al.*,

                         Defendants.

22-CV-2839 (LTS)

Order Directing Payment of Fee or
Amended IFP Application

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*. To proceed with a civil action in this court, a plaintiff must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed *in forma pauperis* ("IFP") application. *See* 28 U.S.C. §§ 1914, 1915.

Plaintiff submitted with his complaint a motion seeking leave to proceed IFP, but he did not use the court's IFP application form or include the information requested on the court's form. (ECF 1.) Plaintiff asserted that because of privacy concerns, he did not list account numbers or other information, but stated that he did "not object to [providing] details after a sealing order." (*Id.*) By order dated June 15, 2022, the Court directed Plaintiff to file an amended IFP application to indicate whether he: (1) has any money in cash or in a checking or savings account; (2) has any assets, and if so, their value; (3) has any expenses, debts, or other financial obligations, and, if so, their value; or (4) financially supports anyone else and, if so, the amount of support provided. The order stated that it was not necessary for Plaintiff to provide account numbers. (ECF 3.) On June 30, 2022, Plaintiff submitted a motion to seal the "financial records [he] wishes to submit to support his IFP request," and "to amend" the Court's June 15, 2022

order. In his motion, Plaintiff cites a number of cases providing for the sealing of financial records and documents containing social security numbers. (ECF 4.)

Both the common law and the First Amendment protect the public's right of access to court documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004). This right of access is not absolute, and "the decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 598-99. A party seeking the sealing of court documents must overcome a strong presumption in favor of public access to judicial records, *see Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006), and "the burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such an action," *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

The Court denies Plaintiff's request to seal his IFP application. As stated in the June 15, 2022 order, Plaintiff need not submit financial records or provide account numbers, but must simply fill out the requisite IFP application and answer the questions that will establish whether he qualifies for IFP status. The cases Plaintiff cites, which address financial records and documents listing social security numbers, are not relevant here, and he asserts no other facts suggesting that he is differently situated from other litigants seeking IFP status who submit the form without a sealing order.

Within 30 days of the date of this order, Plaintiff must either pay the $402 in fees or complete, sign, and submit the attached IFP application. If Plaintiff submits the IFP application, it should be labeled with docket number 22-CV-2839 (LTS), and address the deficiencies indicated above by providing facts establishing that he is unable to pay the fees to bring this

action. Plaintiff must answer each question on the amended IFP application form, and state all sources of income, all assets, and all monthly expenses but need not identify account numbers. If the Court grants the IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

No summons shall issue at this time. If Plaintiff complies with this order, the action shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:    July 18. 2022
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

3