UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEL MARIN,<br><br>                              Plaintiff,<br><br>       -against-<br><br>THE CHANCELLOR; OXFORD UNIVERSITY,<br><br>                              Defendants. | 22-CV-2839 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

On June 15, 2022, the Court directed Plaintiff, within 30 days, to either pay the $402 in filing fees or submit an amended *in forma pauperis* ("IFP") application. (ECF 3.) On June 30, 2022, Plaintiff submitted a motion to seal the "financial records plaintiff wishes to submit to support his IFP request," and "to amend" the Court's June 15, 2022 order. (ECF 4.) By order dated July 18, 2022, the Court informed Plaintiff that he was not required to submit financial records, denied Plaintiff's motions, and granted him an additional 30 days to submit an amended IFP application. (ECF 5.) Plaintiff has now submitted motions seeking: (1) "to certify IFP issue for appeal or to reconsider denying of sealing"; and (2) "to stay this action until the circuit rules on the identical issue in another case which he just appealed," *Marin v. Yale*, 22-CV-1025 (D. Conn.) (ECF 6, 8.)

## DISCUSSION

Certification of an interlocutory order for immediate appeal is governed by 28 U.S.C. § 1292(b). Under that statute, certification is only appropriate if the district court determines: "(1) that such order involves a controlling question of law; (2) as to which there is a substantial ground for difference of opinion; and (3) that an immediate appeal from [that] order may materially advance the ultimate termination of the litigation." *In re Facebook, Inc., IPO Sec. and*

*Derivative Litg.*, 986 F. Supp. 2d 524, 529 (S.D.N.Y. Mar. 13, 2014) (citing 28 U.S.C. § 1292(b)). Because "interlocutory appeals are strongly disfavored in federal practice," *In re Ambac Fin. Grp., Inc. Sec. Litig.*, 693 F.Supp.2d 241, 282 (S.D.N.Y. 2010), the requirements of § 1292(b) must be strictly construed, and "only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Alphonse Hotel Corp. v. Tran*, No. 13-CV-7859 (DLC), 2014 WL 516642, at *3 (S.D.N.Y. Feb. 10, 2014) (quoting *Flor v. BOT Fin. Corp.*, 79 F.3d 281, 284 (2d Cir. 1996)). The proponent of an interlocutory appeal bears the burden of showing that these strict requirements are satisfied. *See Casey v. Long Island R.R.*, 406 F.3d 142, 146 (2d Cir. 2005).

Plaintiff has not shown that the requirements of Section 1292(b) have been met. The Court previously informed Plaintiff that he need not submit financial records or provide account numbers, but must simply fill out the same IFP application submitted by any litigant who seeks waiver of the filing fees. Because the Court is not requiring Plaintiff to submit financial records, he is not entitled to an order permitting him to submit such records under seal. Accordingly, Plaintiff has not demonstrated that exceptional circumstances exist for the grant of an interlocutory appeal.

## CONCLUSION

Plaintiff's motions are denied, and the Clerk of Court is directed to terminate them. (ECF 6, 8.)

The Court grants Plaintiff a final opportunity to comply with the June 15, 2022 order. Within 30 days from the date of this order, Plaintiff must either pay the $402 in fees, or submit an amended IFP application. No summons shall issue. If Plaintiff complies with this order, the case will be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to submit an amended IFP application within the time allowed and does not show good cause to

excuse such failure, the Court will enter a civil judgment consistent with this order and direct the Clerk of Court to terminate this matter without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: October 3, 2022
       New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                            Chief United States District Judge